UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
KENYA MATA,

                            Plaintiff,

                    -against-

Sergeant ANGEL VASQUEZ, Shield No. 2217; CITY OF NEW YORK; Police Officer MEAGHAN CIOTTI, Shield No. 16884; Police Officer MATTHEW DEMAIO, Shield No. 23579; Police Officer SYLVIA GOLASZEWSKI-RODRIGUEZ, Shield No. 27407; and JOHN and JANE DOE 4 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13 CV 7405 (ILG) (VVP)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Kenya Mata ("plaintiff" or "Ms. Mata") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Sergeant Angel Vasquez, Shield No. 2217 ("Vasquez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Vasquez is sued in his individual and official capacities.

10. Defendant Police Officer Meaghan Ciotti, Shield No. 16884 ("Ciotti"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Ciotti is sued in her individual and official capacities.

11. Defendant Police Officer Matthew Demaio, Shield No. 23579 ("Demaio"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Demaio is sued in his individual and official capacities.

12. Defendant Police Officer Sylvia Golaszewski-Rodriguez, Shield No. 27407 ("Golaszewski-Rodriguez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Golaszewski-Rodriguez is sued in her individual and official capacities.

13. At all times relevant defendants John and Jane Doe 4 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

14. At all times relevant herein, defendants John and Jane Doe 4 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

15. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

16.     At approximately 9:30 p.m. on August 20, 2013, Ms. Mata was lawfully in the vicinity of New Lots and Schenck Avenues in Brooklyn, New York.

17.     Ms. Mata was meeting her brother Shakeem Mata, at her car, as they had planned to go to dinner together.

18.     As Ms. Mata approached her car, she observed defendants surrounding the vehicle, searching her glove box, and her brother under arrest in a police vehicle.

19.     When Ms. Mata asked what was going on, defendants demanded her name, identification and documentation for her vehicle.

20.     Ms. Mata complied and provided current, valid documentation for herself and her vehicle.

21.     When Ms. Mata again inquired what was going on, defendants aggressively grabbed her hand, pulled her arms behind her and handcuffed her.

22.     Defendants then pushed her onto her vehicle causing her head to violently bang against the car.

23.     Ms. Mata was crying, pleading with defendants to stop pushing her head into the car, to which defendants responded, in sum, "shut the fuck up."

24.     Ms. Mata was taken to the 75th Precinct.

25.     Plaintiff pleaded for defendants to loosen the handcuffs, but they refused.

26. At the Precinct, Ms. Mata was searched.

27. During the search as Ms. Mata was ordered to lift her shirt and shake her breasts, a male officer approached, observing the search.

28. No contraband was ever recovered from Ms. Mata.

29. Ms. Mata asked for medical treatment for her swollen wrists, hands and other injuries, but defendants refused to contact a medical care provider.

30. While fingerprinting Ms. Mata, her hands and wrists were in so much pain she almost fainted.

31. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Ms. Mata obstruct governmental administration, behave in a disorderly fashion and resist arrest and prepared false paperwork, including an arrest report.

32. At no point did the officers observe plaintiff commit a crime.

33. Ms. Mata was eventually taken to Brooklyn Central Booking.

34. On the evening of August 21, 2013, plaintiff was arraigned in Kings County Criminal Court where she was released on her own recognizance.

35. After approximately twenty hours in custody, plaintiff was released

36. Ms. Mata was forced to return to court on multiple occasions before the charges were adjourned in contemplation of dismissal on or about November 26, 2013.

37. As a result of defendants' violent treatment of plaintiff, she required ongoing medical treatment after her release.

38. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

39. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

40. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

41. Ms. Mata suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, an unlawful search and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

47.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

48.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

50.     Plaintiff was conscious of her confinement.

51.     Plaintiff did not consent to her confinement.

52.     Plaintiff's confinement was not otherwise privileged.

53.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
### Unreasonable Force

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

57. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### FIFTH CLAIM
### State Law Assault and Battery

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

60. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

61. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. The individual defendants created false evidence against plaintiff.

64. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

65. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

66. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SEVENTH CLAIM
### Negligent Hiring, Training and Retention

67. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

69. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

70. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

71. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

72. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Deliberate Indifference to Medical Needs

73. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

75. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

76. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure To Intervene

77. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

78. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

79. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

80. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:     July 25, 2014
           New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*
